UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARIE ROBINETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 4:15-CV-1102 (CEJ) |
| | ) |
| RODNEY TARR, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to dismiss defendant's counterclaims, pursuant to Fed. R. Civ. P 12(b)(6). Defendant has filed a response in opposition to the motion and the issues are fully briefed.

## I. Background

Plaintiff Karie Robinett alleges that defendant Rodney Tarr exposed her to genital herpes. She filed this action in state court, asserting claims of misrepresentation, negligence, and battery. Defendant removed the matter, invoking diversity of citizenship jurisdiction, and filed counterclaims for malicious prosecution and abuse of civil process. Defendant alleges that plaintiff knowingly made false allegations in order to secure a settlement from him.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S.

506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

#### A. Malicious Prosecution

Under Missouri law, the elements of a malicious prosecution claim are (1) commencement of an earlier suit against the plaintiff; (2) instigation of that suit by the defendant; (3) termination of the suit in the plaintiff's favor; (4) lack of probable cause for filing the suit; (5) malice by the defendant in initiating the suit; and (6) damage sustained by the plaintiff as a result of the suit. Copeland v. Wicks, --- S.W.3d ---, 2015 WL 4463776, at *2 (Mo. July 21, 2015) (*en banc*). Malicious prosecution actions are not favored by the law, and courts require strict compliance with the requisite elements. Id. (citations omitted).

Plaintiff argues that the counterclaim for malicious prosecution must be dismissed because there has been no termination of the suit in defendant's favor. Defendant counters that the Missouri Supreme Court has allowed a counterclaim for malicious prosecution to be brought even though the underlying suit was not yet resolved. Defendant relies on State *ex rel.* Gen. Motors Acceptance Corp. v. Standridge, 181 S.W.3d 76, 78 (Mo. 2006) (*en banc*) as support for this proposition. However, the Missouri Supreme Court has expressly abrogated Standridge to the extent that it permits the provisional filing of a counterclaim for malicious prosecution. State *ex rel* O'Basuyi v. Vincent, 434 S.W.3d 517, 521 (Mo. 2014) (*en banc*) ("[T]o the extent that Standridge can be read to . . . authorize[] the provisional filing of a malicious prosecution counterclaim in the initial party's suit, it is incorrect and no longer should be followed"). The Supreme Court explained:

> Actions for malicious prosecution have never been favorites of the law. . . . Any policy that discourages citizens from reporting crime or aiding in prosecution would be undesirable and detrimental to society in general. Permitting malicious counterclaims to be joined and tried with the underlying action has the potential to magnify this effect by increasing the risk that a party will be discouraged from bringing valid claims and also risks undue prejudice by allowing the opposing party to bring in evidence irrelevant to the first party's claim. In contrast, requiring that the underlying suit terminate in favor of the opposing party before a malicious prosecution claim can be brought avoids the needless filing of suit by an opposing party who is not successful in the initial action.

Id. at 519.

Defendant's counterclaim for malicious prosecution must be dismissed.

**B.    Abuse of Process**

In his counterclaim for abuse of process, defendant alleges that he "believes" that plaintiff's allegations are "without legal and factual foundation and made

3

without reasonable cause." Counterclaim, ¶10 [Doc. #4]. He further alleges that plaintiff "had an ulterior purpose" in filing suit "in that [she] sought to intimidate and coerce [him] to pay her money" Id. at ¶11. He alleges that he "sustained damage including, but not limited to, the incurrence of attorneys' fees and expenses as well as mental anguish, humiliation and mental suffering." Id. at ¶12. He seeks punitive damages, asserting that plaintiff's conduct was reckless, intentional, and in conscious disregard to his rights. Id. at ¶13.

To establish an abuse of process claim, a litigant must prove that "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 862 n.4 (8th Cir. 2002) (quoting Stafford v. Muster, 582 S.W.2d 670, 678 (Mo. 1979) (*en banc*)). "Stated another way, the test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process." Id. (quoting Ritterbusch v. Holt, 789 S.W.2d 491, 493 n.1 (Mo. 1990) (*en banc*)).

"The general rule is that no right of action exists for damages resulting from the initiation of a civil action unless [1] the action was prosecuted maliciously and without probable cause, or [2] there was an abuse of process." Wells v. Orthwein, 670 S.W.2d 529 (Mo. Ct. App. 1984). "If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse even if the plaintiff had an ulterior motive in bringing the action, or if he knowingly brought suit upon an unfounded claim." Id. (emphasis added). Thus, in

4

Wells, the court found insufficient the defendant's counterclaim for abuse of process based on the plaintiffs' pursuit of a *quantum meruit* claim against plaintiff. Id. at 532-33. "The evidence is clear that all [the Wellses] did in this case is institute a lawsuit and pursue it to its authorized end." Id. at 534; accord R. Rowland & Co., Inc. v. Smith, 698 S.W.2d 48 (Mo. Ct. App. 1985) (affirming dismissal of abuse of process counterclaim, saying "We find no allegation . . . that Rowland made any use of the summons other than to bring the Lawsons under the jurisdiction of the trial court for an adjudication of the claim asserted against them.") Here, plaintiff instituted a lawsuit against defendant and is entitled to pursue it to its authorized end. Defendant's allegations that plaintiff has an ulterior motive in filing suit against him do not create a cause of action for abuse of process.

Defendant cites National Motor Club of Mo. v. Noe, 475 S.W.2d 16 (Mo. 1972), as support for his contention that he may bring a counterclaim for abuse of process under the facts presented here. In that case, plaintiff National Motor Club brought unfair competition actions in three states against a rival motor club and its founders, who were formerly employed by National. The defendants filed a counterclaim for malicious abuse of process, alleging that National "caused process to be issued" in multiple lawsuits for "an illegal, perverted, abusive and malicious purpose other than for the purpose of collecting a judgment of damages." The "true purposes" for filing three lawsuits were "to harass defendants by a multiplicity of litigation and drive them out of business;" and to coerce employees, contractors and customers to return to doing business with National. Id. at 24. The Missouri Supreme Court held that the trial court erred in dismissing the counterclaim. National is clearly inapplicable to this case, which involves a single lawsuit brought

5

in one jurisdiction by a plaintiff who is entitled to pursue her claims to their authorized end. Defendant has failed to state a claim for abuse of process.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss defendant's counterclaims [Doc. #6] is **granted**.

An order of partial dismissal will be filed separately.

                                                                                   _____
                                                                                   CAROL E. JACKSON
                                                                                   UNITED STATES DISTRICT JUDGE

Dated this 2nd day of October, 2015.