UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARIE ROBINETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:15-CV-1102-CEJ |
| | ) |
| RODNEY TARR, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This closed case is before the Court on the parties' joint motion to place certain documents in the court file under seal because they contain private and sensitive medical information.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (footnotes omitted). That right, however, that is not absolute: "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Id. at 598. A party seeking to maintain the confidentiality of documents must overcome a presumption that favors public access. United States v. McDougal, 103 F.3d 651, 656 (8th Cir. 1996).

The parties cite Webster Groves Sch. Dist. v. Pulitzer Pub. Co., 898 F.2d 1371, 1377 (8th Cir. 1990), in which the Eighth Circuit held that the public's right to access to court records was clearly outweighed by the privacy interests of a disabled juvenile. "Even though the judicial proceedings in this matter are completed, T.B. may be stigmatized and humiliated if the sensitive information in

the record is made public, and that is reason enough to seal the file and keep it sealed." After listing state and federal statutes that protect the privacy of juveniles, the court stated: "These measures all reflect a strong public policy favoring the special protection of minors and their privacy where sensitive and possibly stigmatizing matters are concerned." Id. at 1375.

The parties here are not juveniles and they have not identified a strong public policy favoring the protection of adults in the circumstances presented here. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." S.E.C. v. Shanahan, No. 4:06-MC-546 CAS, 2006 WL 3330972, at *4 (E.D. Mo. Nov. 15, 2006) (quoting Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted)). The Court also notes that neither party sought to have the documents sealed at the time they were filed; thus, all of the documents have been accessible to the public since May 2015 when the case was removed to this court. The parties have not overcome the presumption that favors public access to court proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' consent joint motion to seal portions of court file [Doc. #37] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2016.